[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 30, 2008
THOMAS K. KAHN
CLERK

_____

Nos. 05-16509 & 05-17072

_____

D. C. Docket No. 04-02684-CV-AR-M

THERON OLIVER,

Plaintiff-Appellee,

versus

COCA-COLA COMPANY,
BROADSPIRE SERVICES, INC.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

**(October 30, 2008)**
**ON PETITION FOR REHEARING**

Before BIRCH and BLACK, Circuit Judges, and PRESNELL,* District Judge.

BIRCH, Circuit Judge:

_____

*Honorable Gregory A. Presnell, United States District Judge for the Middle District of
Florida, sitting by designation.

On 6 November 2007, we granted the petition for rehearing filed by appellant the Coca-Cola Company in this matter, vacated section II.F of our earlier opinion in this appeal, 497 F.3d 1181, and stayed reconsideration of the proper treatment of the offset provision pending our decision in White v. Coca-Cola Company, Case No. 07-13938. See Oliver v. Coca-Cola Co., 506 F.3d 1316 (11th Cir. 2007) (per curiam). We have now issued a decision in White, finding Coca-Cola's interpretation of the offset provision to be reasonable and entitled to deference. See White v. Coca-Cola Co., __ F.3d __, 2008 WL 4149706, at *1 (11th Cir. Sept. 10, 2008). In light of this controlling precedent, we remand this case to the district court solely on the issue of damages.

In order to determine the appropriate amount of damages, the district court should allow both parties to present evidence regarding the proper benefits calculation based on the principles discussed in White. Coca-Cola's benefits committee has not yet had an opportunity to make such a calculation for Oliver, since his claim was denied. It should thus be given a full opportunity to do so. This new calculation should then be assessed under the rubric established in White, with any similarities to the proposed interpretation in that case treated equivalently. See White, 2008 WL 4149706, at *4–9. We note that, although the committee's interpretation, assuming it is the same as that advanced in White, would likely be

reasonable, the district court can still consider whether the committee operated under a conflict of interest. Though such a conflict was found not to be present in White, Oliver might be able to provide evidence of one. See id. at 2008 WL 4149706, at *8–9. Based on the Supreme Court's recent decision in Metropolitan Life Insurance Co. v. Glenn, __ U.S. __, 128 S. Ct. 2343 (2008), this determination would only be one factor in the court's "arbitrary and capricious" analysis, and would not necessitate application of a "heightened arbitrary and capricious" standard. See Metropolitan Life Ins. Co. v. Glenn, __ U.S. __, 128 S. Ct. 2343, 2351 (2008); Doyle v. Liberty Life Assur. Co. of Boston, 2008 WL 4272748, at *7 (11th Cir. Sept. 18, 2008) (finding that Glenn overruled 11th Circuit precedent requiring application of the heightened standard). We emphasize that Oliver would bear the burden of proof on this issue. See Doyle, 2008 WL 4272748, at *7.

Accordingly, we reaffirm the holding of our prior decision in this case, 497 F.3d 1181, with the exception of the portion previously vacated. We thus AFFIRM the district court's grant of summary judgment for Oliver against Coca-Cola. We also AFFIRM the award of attorney's fees and expenses in favor of Oliver. We REVERSE the entry of summary judgment for Oliver against Broadspire and REMAND with instructions to dismiss Oliver's claims against

3

Broadspire.  Finally, we REMAND on the issue of the damages award against Coca-Cola, with instructions to allow both parties to fully brief the issue.

BLACK, Circuit Judge, concurring in part and dissenting in part:

I again concur with the majority opinion that the district court erred both by applying a *de novo* standard of review and by granting summary judgment to Oliver against Broadspire. I also concur with the majority opinion on the remand of the damages award against Coca-Cola. Nevertheless, I write separately to explain why I again do not join the majority's affirmance of the district court's grant of summary judgment to Oliver against Coca-Cola. I agree with the majority that Coca-Cola was the plan administrator, and therefore the appropriate standard of review was arbitrary and capricious. Because I concur with the majority that the district court erred by applying a *de novo* standard of review, I would remand the case to the district court to apply the correct standard of review to Coca-Cola's decision to deny benefits. Moreover, I believe summary judgment was inappropriate because I am persuaded there is a genuine issue of material fact in dispute, namely whether Oliver was totally disabled. I believe the majority opinion accords too little weight to peer review evaluations and ignores inconsistencies in the various diagnoses Oliver received. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825, 123 S. Ct. 1965, 1967 (2003); *Shaw v. Conn. Gen. Life Ins. Co.*, 353 F.3d 1276, 1286 (11th Cir. 2003) (remanding for a bench trial because "sharply conflicting evidence" of peer review and treating physician's

5

evaluations constituted a "genuine issue of material fact as to whether Shaw was totally disabled"). And lastly, because I do not agree with the district court's grant of summary judgment to Oliver against Coca-Cola, I also dissent from the majority opinion on the award of attorneys' fees and expenses in favor of Oliver.